UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROVIDENCE MUTUAL FIRE INS. CO. ) | CASE NO. 3:21-CV-00844 (KAD) |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTONIO LAIRES ) | JULY 5, 2023 |
|    *Defendant*. ) | |

MEMORANDUM OF DECISION
RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 30)

Kari A. Dooley, United States District Judge:

Plaintiff, Providence Mutual Fire Insurance Company ("Plaintiff"), brings this declaratory judgment action seeking a declaration that it has neither a duty to defend nor indemnify Defendant Antonio Laires ("Laires" or "Defendant") in connection with a personal injury action brought against him which is currently pending in the Superior Court of the State of Connecticut.[1] Pending before the Court is Plaintiff's motion for summary judgment, which Defendant opposes. The Court has reviewed the parties' submissions, and for the following reasons, Plaintiff's motion for summary judgment is GRANTED.

**Facts and Procedural History**

The following facts are taken from Plaintiff's Local Rule 56(a)(1) Statement of Material Facts ("Pl. LRS," ECF No. 30-2), the Defendant's response thereto ("Def. LRS," ECF No. 32-2), and the parties' exhibits. The facts set forth by Plaintiff are admitted by Defendant unless otherwise indicated.

Plaintiff issued an occurrence-based homeowner's insurance policy ('the Policy") to Defendant, which was attached to the Plaintiff's Complaint.[2] *See* Pl. LRS at ¶¶ 1–2. In the

---

[1] *Jessica Swenson v. Antonio Laires, et al.*, Docket No. NNH-CV-21-6116305-S.
[2] The operative Amended Complaint, filed on September 28, 2021, also included the Policy as an attachment.

underlying action, *Jessica Swenson v. Antonio Laires, et al.*,[3] *see id.* at ¶ 3, Ms. Swenson asserts that on or about May 19, 2020, she was bitten in the face by Mr. Laires' dog while at his residence at 84 Moreland Avenue in Waterbury, Connecticut (the "Premises"), where both he and the dog resided. She alleges that Mr. Laires was the owner of the Waterbury property as well as the dog who attacked her. *See id.* at ¶¶ 4–6.

Plaintiff issued the Policy[4] to Defendant for the Premises at 84 Moreland Avenue, Waterbury, Connecticut for the period of November 21, 2019 to November 21, 2020. *See id.* at ¶ 7. The Policy provides coverage for Personal Liability, subject to a limit of $500,000 for each claim, subject to a $1,000 deductible. *See id.* at ¶ 8. As soon as practical, the insured must provide written notice of an occurrence or loss.[5] *See id.* at ¶ 9. The Policy contains clauses regarding cancellation of the agreement, to include if there has been a material misrepresentation of fact, which if known to Plaintiff, would have caused it not to issue the policy. *See id.* at ¶ 10. Further, the Policy incorporates "Special Provisions for Connecticut," which include that Plaintiff would not provide coverage to an insured who concealed or misrepresented any material fact or circumstance; engaged in fraudulent conduct; or made materially false statements relating to insurance. *See id.* at ¶ 11. Under the Policy, a material representation is one where, had Plaintiff known the truth, it would not have issued coverage. *See id.* at ¶ 25.

Plaintiff first asserts that it properly denied coverage because the necessary conditions that trigger coverage under the Policy were not met with respect to Defendant's obligation to provide

---

[3] Plaintiff attached as Exhibit B to its motion for summary judgment a copy of the complaint filed in the Superior Court. *See* Pl. Mot., ECF No. 30-4.
[4] Policy Number HP 0786259. *See* Pl. LRS. at ¶ 7.
[5] Defendant notes that the clause in the Policy states: "We have no duty to provide coverage under this policy if your failure to comply with the following duties is prejudicial to us." Further, Defendant asserts that Plaintiff has not provided any evidence that failure to give notice in this case caused any prejudice that would relieve it of its duty to provide coverage. *See* Def. LRS at ¶ 9. For the reasons discussed *infra*, the Court does not address the Defendant's alleged failure to provide reasonable notice or the impact of such alleged failure.

2

timely written notice of the incident. *See id.* at ¶¶ 12–13. To this claim, Defendant asserts that he provided notice when he became aware of the lawsuit against him, and that Plaintiff has provided no evidence that the delay caused it to suffer any prejudice.[6] *See* Def. LRS at ¶ 12. The Court need not resolve this factual dispute because Plaintiff further asserts that the policy is void *ab initio* or subject to cancellation because Laires made materially false statements and material misrepresentations when applying for the Policy. And the parties do not dispute that this is the alternative basis upon which coverage was denied and upon which Plaintiff seeks this declaratory judgment.

During discovery, in May 2022, Defendant stated under oath that he purchased his dog in January 2017 and that he kept the dog at the Premises through November 2019. *See id.* at ¶ 15. In Defendant's application for insurance in November 2019, he failed to disclose that he owned the dog and that the dog lived at the Premises at that time. The question on the insurance application asked whether there were any animals or exotic pets kept on the Premises, to which Defendant stated, "N," indicating "no." *See id.* ¶¶ 16–17. When Plaintiff learns there are no animals or exotic pets kept on the premises, it writes policies taking that information into account.[7] *See id.* at ¶ 21.

Defendant explains, however, that the application for insurance was completed by Rich Grandprix[8] of Ion Insurance Agency, and not by Mr. Laires himself, so Defendant was unaware that the application indicated that there were no animals at the Premises. And, because Defendant was unaware that the application was inaccurate as to his dog ownership, he did not fail to disclose any material facts to Plaintiff. *See* Def. LRS at ¶¶ 16–17. It is undisputed that Defendant

---

[6] Defendant reports that Ms. Swenson made representations that she was not going to pursue a claim against him, and thus, "as soon as practical" could be interpreted differently under the circumstances. *See* Def. LRS at ¶ 13.
[7] When an insured indicates there is an animal or exotic pet kept on the premises, it sends the applicant a questionnaire seeking more information about the animal or pet. *See* Pl. LRS at ¶ 22. Whether to issue a policy and the premiums for same depend on the answers received. *See id.* at ¶ 24.
[8] Plaintiff uses an alternate spelling—Rich Grandpre. The Court has confirmed that Grandpre is the correct spelling. *See* Def. Mot. Ex. F, ECF No. 30-8, at 5.

electronically signed the insurance application. *See* Pl. LRS at ¶ 18. Defendant's insurance broker acknowledged by way of signature that he was an authorized representative of Defendant, that a reasonable inquiry was made to obtain answers to the questions on the application, and that the answers were true and correct. *See id.* at ¶ 19.

There is no factual dispute that Plaintiff would not have issued the Policy (including at the premiums charged) to Defendant had it known that a dog lived at the Premises. *See id.* at ¶ 26.

**Standard of Review**

The standard under which courts review motions for summary judgment is well-established. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," while a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party satisfies his burden under Rule 56 "by showing . . . that there is an absence of evidence to support the nonmoving party's case" at trial. *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks omitted). Once the movant meets his burden, the nonmoving party "must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)).

**Discussion**

As discussed above, in seeking summary judgment, Plaintiff argues, *inter alia,* that there is no genuine issue of material fact that it has no duty to defend or indemnify Defendant in the underlying action because Defendant made a material misrepresentation on his application for

insurance.[9] Defendant objects, arguing that he did not make any false or fraudulent material misrepresentations on his application for insurance because any misrepresentations were unknown to Defendant and were made by Mr. Grandpre, the agent who procured the Policy for Defendant.

In Connecticut, "[a]n insurer has a right to rescind for a material misrepresentation in an insurance application if it is not an innocent misrepresentation, but one 'known by the insured to be false when made.'" *See Paul Revere Life Ins. Co. v. Pastena*, 52 Conn. App. 318, 323, 725 A.2d 996 (1999) (quoting *Middlesex Mut. Assur. Co v. Walsh*, 218 Conn. 681, 692 (1991)). An insurance policy may be voided by the insurer if the insurer proves three elements: "(1) a misrepresentation (or untrue statement) by the plaintiff which was (2) knowingly made and (3) material to the [insurer's] decision whether to insure." *Pinette v. Assurance Co. of Am.*, 52 F.3d 407, 409 (2d Cir. 1995). "A statement constitutes a misrepresentation if it is other than what the applicant has reason to believe is true." *Quincy Mut. Fire Ins. Co. v. Gramegna*, No. 3:04-CV-480 (PCD), 2008 WL 659586, at *4 (D. Conn. Mar. 6, 2008). The parties dispute neither that the answer to the application question regarding pets was false nor that the misrepresentation was material. Defendant admitted that he owned the dog in November of 2019. And Plaintiff relied on the representation that Defendant had no animals when it issued the policy to Defendant. Had Plaintiff known the truth, it would not have issued the Policy. *See State Bank & Trust Co. v. Conn. Gen. Life Ins. Co.*, 109 Conn. 67, 71, 145 A. 565 (1929) (finding that a fact is material if it would influence parties in making contract and also that matters inquired about are conclusively deemed material).

---

[9] The Court notes that this is not a case where the meaning of the contract, or any specific clause therein, requires construction or interpretation. The Defendant does not dispute that under Connecticut law and the terms of the Policy, there is no coverage if the Policy was secured through false or fraudulent material misrepresentations. *See Conn. Med. Ins. Co. v. Kulikowski*, 286 Conn. 1, 5 (2009) ("If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning.").

Defendant argues, however, that *he* did not knowingly make such a misrepresentation because an insurance agent filled out the application and did not supply him with the entire document. This argument is unpersuasive. "Under Connecticut law…a person may not claim that a misrepresentation is innocent solely because the person failed to read the application before signing it. "The law requires that the insured shall not only, in good faith, answer all the interrogatories correctly, but shall use reasonable diligence to see that the answers are correctly written." *Pinette,* F.3d at 409 (internal quotations omitted). Here, Defendant signed the application, acknowledging that the contents therein were true and accurate. Whether or not he personally reviewed the answers or checked for their accuracy is of no consequence. *See Ursini v. Goldman*, 118 Conn. 554, 564, 173 A. 789 (1934) ("The general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it and notice of its contents will be imputed to him if he negligently fails to do so."); *see also Pinette*, 52 F.3d at 407 (finding that an insured has an affirmative duty to "inform himself of the content of the application signed by him, under penalty of being bound by the representations recorded therein" when an agent completes the application).

Moreover, Defendant's argument that his broker, Mr. Grandpre, is responsible for the inaccuracy is without merit. An insurance broker is the agent of the insured in obtaining an insurance policy. *See Ursini*, 118 Conn. at 559. As such, the broker owes a duty of care to the principal. *See id.*; *see also Precision Mech. Servs. Inc. v. T.J. Pfund Assoc., Inc.,* 109 Conn. App. 560, 565, A.3d 818, 821, *cert. denied*, 289 Conn. 940, 959 A.2d 1007 (2008) ("[W]hen procuring insurance for a person [or entity], a[n] [insurance] broker becomes the agent of that person [or entity] for that purpose…").[10] Further, "notice to, or knowledge of, an agent while acting within

---

[10] The Court does not suggest and offers no opinion as to whether Defendant's allegations implicate liability for Mr. Grandpre with respect to his duties to Defendant.

6

the scope of its authority and reference to a matter over which his authority extends, is notice to, or knowledge of, the principal." *West Haven v. United States Fid. & Guar. Co.,* 174 Conn. 392, 395, 389 A.2d 741 (1978). Mr. Grandpre signed the application for insurance, attesting that he was Plaintiff's authorized representative, and that a reasonable inquiry was made to procure the answers to the questions. Defendant does not disavow this relationship and indeed concedes that Mr. Grandpre was his insurance broker who secured the Policy. The essence of the agency relationship is the "manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act…" *McLaughlin v. Chicken Delight, Inc.,* 164 Conn. 317, 322, 321 A.2d 456 (1973).

For all these reasons, the Court concludes and declares that Plaintiff has neither a duty to defend nor to indemnify Defendant in the underlying action brought by Ms. Swenson.

**Conclusion**

Plaintiff's Motion for Summary Judgment (ECF No. 30) is GRANTED. The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of July 2023.

                                                     */s/ Kari A. Dooley*
                                                   KARI A. DOOLEY
                                                   UNITED STATES DISTRICT JUDGE